1

2

3

4                           UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
5                                    AT TACOMA

6    KEVIN RICHARD CROXEN,

7                         Plaintiff,                Case No. 3:15-cv-05148-RBL

8         v.                                        ORDER REVERSING AND
                                                    REMANDING DEFENDANT'S
9    CAROLYN W. COLVIN, Acting                      DECISION TO DENY BENEFITS
     Commissioner of Social Security,
10
                          Defendant.
11

12
          Plaintiff Croxen has brought this matter for judicial review of defendant's denial of his
13
     applications for disability insurance and supplemental security income ("SSI") benefits. The
14
     defendant's decision to deny benefits is reversed and this matter is remanded for further
15
     administrative proceedings.
16

17                       FACTUAL AND PROCEDURAL HISTORY

18        Plaintiff filed applications for disability insurance benefits and SSI benefits on June 6,

19   2011, alleging in both applications he became disabled beginning August 29, 2005. *See* Dkt. 8,

20   Administrative Record ("AR") 53. Those applications were denied upon initial administrative

21   review on November 23, 2011, and on reconsideration on February 21, 2012. *See id.* A hearing

22   was held before an administrative law judge ("ALJ") on July 12, 2013, at which plaintiff,

23   represented by counsel, appeared and testified, as did a vocational expert. *See* AR 71-106.

24
          In a decision dated August 6, 2013, the ALJ determined plaintiff to be not disabled. *See*
25
     AR 50-69. Plaintiff's request for review of the ALJ's decision was denied by the Appeals
26

ORDER - 1

1    Council on January 6, 2015, making that decision the final decision of the Commissioner of

2    Social Security.  *See* AR 1-7; 20 C.F.R. § 404.981, § 416.1481. On March 17, 2015, plaintiff

3    filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See*

4    Dkt. 4. The administrative record was filed with the Court on May 22, 2015. *See* Dkt. 8. The

5    parties have completed their briefing, and thus this matter is ripe for the Court's review.

6
          Plaintiff argues defendant's decision to deny benefits should be reversed and remanded

7    for an award of benefits, or in the alternative for further administrative proceedings, because the

8    ALJ erred: (1) in evaluating the medical evidence in the record; (2) in assessing plaintiff's

9    residual functional capacity ("RFC"); and (3) in finding him to be capable of performing other

10   jobs existing in significant numbers in the national economy.

11        The Court agrees that the ALJ erred in evaluating the medical evidence on the record, and

12   thus in assessing plaintiff's RFC and finding him capable of performing other work, and

13   therefore in determining plaintiff to be not disabled. The Court remands the matter for further

14   administrative proceedings, as more fully explained below.

15
                                    DISCUSSION

16
          The determination of the Commissioner that a claimant is not disabled must be upheld by

17
18   the Court, if the "proper legal standards" have been applied by the Commissioner, and the

19   "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*,

20   785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Commissioner of Social Security Admin.*,

21
22   359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v. Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991)

23   ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal

24   standards were not applied in weighing the evidence and making the decision.") (*citing Brawner*

25   *v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987)).

26

ORDER - 2

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (*quoting Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

I.      The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Commissioner of the Social Security Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

*Sorenson*, 514 F.2d at 1119 n.10.

ORDER - 3

1    whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at

2    all) and whether certain factors are relevant to discount" the opinions of medical experts "falls

3    within this responsibility." *Id.* at 603.

4        In resolving questions of credibility and conflicts in the evidence, an ALJ's findings

5    "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this

6    "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence,

7    stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences

8    "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may

9

10   draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881

11   F.2d 747, 755 (9th Cir. 1989).

12       The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

13   opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

14

15   1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

16   only be rejected for specific and legitimate reasons that are supported by substantial evidence in

17   the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or

18   her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation

19   omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence

20   has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981); *Garfield

21   v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

22

23       In general, more weight is given to a treating physician's opinion than to the opinions of

24   those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need

25   not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and

26   inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at

ORDER - 4

1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

Plaintiff asserts that the ALJ erred in improperly rejecting the medical opinion of state agency consultants Robert Bernardez-Fu, M.D., and Myrna Palasi, M.D. *See* Dkt. 10, pp. 9-11. Both physicians identically opined that plaintiff had several physical limitations, including being limited to standing and walking for no more than two hours in an eight-hour day. *See* AR 111, 120, 136, 147. The ALJ gave these opinions some weight, incorporating most of the opined limitations into plaintiff's RFC but stating that the medical evidence did not support the limitation to two hours of standing and walking. *See* AR 62. Specifically, the ALJ noted that plaintiff's treatment provider, Sarah Russell, FNP, did not indicate that plaintiff was so limited, and that plaintiff had testified that he was able to stand up to one hour at a time. *See id.* Substantial evidence does not support this reason for discounting the physicians' opinions.

First, while Ms. Russell opined that plaintiff could work at a light capacity, requiring walking or standing up to six hours a day, she determined that plaintiff could only work 21-30 hours a week. *See* AR 482-83. She gave no opinion as to how much walking or standing per day plaintiff could perform on a full-time basis, as would apply to a claimant's RFC. *See id.* Ms. Russell's opinion, then, is not evidence that contradicts the state agency consultants' opinions that plaintiff was limited to two hours of standing or walking per day under the demands of full-time work.

Second, while plaintiff testified that he was able to stand for a little under an hour at a

ORDER - 5

time, he clarified that doing so would cause him to "really be hurting" after, triggering muscle

spasms in his back. *See* AR 89. This testimony was preceded by plaintiff's explanation that the

muscle relaxers he had been prescribed help him for about an hour before he starts to get

uncomfortable again. *See* AR 84. Plaintiff is able to take this medication three times a day, once

in the morning, at lunch, and with dinner. *See* AR 84-85. Plaintiff's testimony then indicates that

standing for even a short period would be debilitating until he could next take medication, not

that he could stand again after a position change as characterized by the ALJ. *See* AR 62.

Substantial evidence does not support the ALJ's inference that plaintiff's testimony somehow

contradicts the medical consultants' opinions that he should be limited to standing for no more

than two hours a day. Therefore, the ALJ erred by providing no specific and legitimate reason

supported by substantial evidence for discounting these physicians' opinions.

The Ninth Circuit has "recognized that harmless error principles apply in the Social

Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v.

Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting

cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine

[if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has

"adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to

the ultimate nondisability determination.'" *Id.* (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*,

533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to

follow the rule that courts must review cases "'without regard to errors' that do not affect the

parties' 'substantial rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)

(*quoting* 28 U.S.C. § 2111) (codification of the harmless error rule)).

Defendant argues that any error is harmless because the ALJ found that plaintiff must be

ORDER - 6

able to sit and stand at will in the RFC, meaning plaintiff could choose to stand for no more than

two hours of a workday. *See* Dkt. 14, p. 4. However, at the hearing, the vocational expert ("VE")

testified that no jobs existed that plaintiff could perform under a limitation to sedentary work (no

more than two hours of standing or walking) with several other restrictions, while plaintiff could

perform several jobs with the same restrictions but limited to light work with an option to sit or

stand at will. *See* AR 99-103. This undermines defendant's argument that an option to sit or

stand at will certainly incorporates a limitation to no more than two hours of standing if

necessary. Moreover, if plaintiff were limited to standing and walking for two hours a day, he

would be required to sit at least six hours a day. However, the Ninth Circuit has held that the

need to sit and stand at will is incompatible with the ability to sit for six hours in an eight-hour

workday. *Perez v. Astrue*, 250 F. App'x 774, 776 (9th Cir. 2007). Therefore, the error was not

necessarily harmless simply because plaintiff's RFC still contained the ability to sit or stand at

will.

Had the ALJ fully credited the opinion of the medical consultants, the RFC could have

included additional limitations, as could the hypothetical questions posed to the vocational

expert. As the ALJ's ultimate determination regarding disability was based on the testimony of

the vocational expert on the basis of an improper hypothetical question, this error affected the

ultimate disability determination and is not harmless.

II.      The ALJ's Assessment of Plaintiff's Residual Functional Capacity

Defendant employs a five-step "sequential evaluation process" to determine whether a

claimant is disabled. *See* 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found

disabled or not disabled at any particular step thereof, the disability determination is made at that

step, and the sequential evaluation process ends. *See id.* If a disability determination "cannot be

ORDER - 7

1    made on the basis of medical factors alone at step three of that process," the ALJ must identify

2    the claimant's "functional limitations and restrictions" and assess his or her "remaining

3    capacities for work-related activities." Social Security Ruling ("SSR") 96-8p, 1996 WL 374184

4    *2. A claimant's RFC assessment is used at step four to determine whether he or she can do his

5    or her past relevant work, and at step five to determine whether he or she can do other work. *See*

6    *id.*

7

8          Residual functional capacity thus is what the claimant "can still do despite his or her

9    limitations." *Id.* It is the maximum amount of work the claimant is able to perform based on all

10   of the relevant evidence in the record. *See id.* However, an inability to work must result from the

11   claimant's "physical or mental impairment(s)." *Id.* Thus, the ALJ must consider only those

12   limitations and restrictions "attributable to medically determinable impairments." *Id.* In assessing

13   a claimant's RFC, the ALJ also is required to discuss why the claimant's "symptom-related

14   functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

15   medical or other evidence." *Id.* at *7.

16

17         The ALJ in this case assessed found that plaintiff had the RFC to perform:

18         **less than the full range of light work as defined in 20 CFR 404.1567(b) and
           416.967(b) He can lift and carry 20 pounds occasionally and 10 pounds
19         frequently; [h]e needs to sit or stand at will; he can occasionally climb ramps
           and stairs; he should never climb ladders, ropes or scaffolds; he can
20         occasionally balance, stoop, kneel, crouch and crawl; he can occasionally
           reach overhead with the right upper extremity; he can frequently handle and
21         finger with the right upper extremity; he should not be exposed to heights; he
           should not work with heavy machinery; he should avoid concentrated
22         exposure to vibration; he can sustain sufficient concentration, persistence
           and pace for 2 hour intervals with normal breaks for a total of 8 hours in a
23         workday performing simple, routine tasks at a normal work pace and
           requiring only simple work-related decisions; and he should work in a work
24         setting with few changes to the work routine.**

25

26

ORDER - 8

AR 57 (emphasis in original). However, because as discussed above the ALJ erred in discounting the opinions of the medical consultants, the ALJ's RFC assessment does not completely and accurately describe all of plaintiff's capabilities. Accordingly, here, too, the ALJ erred.

Furthermore, plaintiff argues that the ALJ erred in assessing plaintiff's RFC by failing to incorporate the opinion of Ms. Russell that plaintiff was limited to 21 to 30 hours per week of work despite giving Ms. Russell's opinion great weight. *See* Dkt. 10, pp. 5-7. Defendant argues that the ALJ implicitly rejected that part of Ms. Russell's opinion by reasonably finding that plaintiff could perform full-time work elsewhere in the decision based on the opinions of other medical sources. *See* Dkt. 14, pp. 2-3. However, the testimony of "other medical sources" such as nurse practitioners may be discounted only if the ALJ "gives reasons germane to each [source] for doing so." *Molina*, 674 F.3d at 1111. Simply agreeing with contradictory opinions elsewhere in the medical record cannot be said to meet this requirement. That contradictory opinions exist is what demands a germane reason for discounting one opinion; the contradictory opinions themselves cannot alone be the reason.[2] Therefore, the ALJ erred in failing to provide a germane reason for discounting part of Ms. Russell's opinion.

Defendant also argues that any error is harmless because the opined duration of the limitations meant the opinion was "not indicative of disability." *See* Dkt. 14, p. 4. To be found disabled, a claimant's limitations must have "lasted or [] be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Ms. Russell

---

[2] Defendant specifically cites *Magallanes*, 881 F.2d at 755, for the proposition that an ALJ may implicitly reject a medical opinion. *See* Dkt. 14, p. 3. However, in *Magallanes*, the ALJ did not reject any specific limitations assessed by the medical source without giving a reason. Rather, the onset date was at issue, and the ALJ only implicitly rejected a physician's opined onset date when it was beyond that physician's period of observation and other objective evidence pointed to a later onset date. *See Magallanes*, 881 F.2d at 755. While the 9th Circuit found that "magic words" were not necessary in that case, it cannot be said to stand for permitting an ALJ to implicitly discredit without explanation a medical source's specific opined limitations that would affect a claimant's RFC and potentially the disability determination. *See id*.

ORDER - 9

stated in her report that she expected plaintiff's conditions to limit his ability to work for three to six months past the date of the report. *See* AR 483. However, it is not clear how long Ms. Russell felt these limitations had already existed before completing the report. It can be inferred that the ALJ believed the limitations to have already lasted long enough to meet the duration requirements because the ALJ gave Ms. Russell's other opined limitations great weight and incorporated them into plaintiff's RFC, despite Ms. Russell's opined duration applying to those limitations as well. *See* AR 61. Therefore, the ALJ's rejection of one part of Ms. Russell's opinion cannot be affirmed based on duration requirements while the rest of Ms. Russell's opinion was accepted despite those requirements. This ambiguity should be addressed on remand.

III.     The ALJ's Findings at Step Five

If a claimant cannot perform his or her past relevant work, at step five of the disability evaluation process the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. § 404.1520(d), (e), § 416.920(d), (e). The ALJ can do this through the testimony of a vocational expert or by reference to defendant's Medical-Vocational Guidelines (the "Grids"). *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2000); *Tackett*, 180 F.3d at 1100-1101.

An ALJ's findings will be upheld if the weight of the medical evidence supports the hypothetical posed by the ALJ. *See Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1987); *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984). The vocational expert's testimony therefore must be reliable in light of the medical evidence to qualify as substantial evidence. *See Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988). Accordingly, the ALJ's description of the claimant's disability "must be accurate, detailed, and supported by the medical record." *Id.*

ORDER - 10

(citations omitted). The ALJ, however, may omit from that description those limitations he or she finds do not exist. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

At the hearing, the ALJ posed a hypothetical question to the vocational expert containing substantially the same limitations as were included in the ALJ's assessment of plaintiff's residual functional capacity. *See* AR 99-105. In response to that question, the vocational expert testified that an individual with those limitations—and with the same age, education and work experience as plaintiff—would be able to perform other jobs. *See id*. Based on the testimony of the vocational expert, the ALJ found plaintiff would be capable of performing other jobs existing in significant numbers in the national economy. *See* AR 63-64. Again, however, because the ALJ erred in assessing the plaintiff's RFC, the hypothetical question did not completely and accurately describe all of plaintiff's capabilities. Therefore, the ALJ's step five determination is not supported by substantial evidence and is in error.

IV.       This Matter is Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

ORDER - 11

1

2

3

     (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

4

5

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

6

Here, the outstanding issues are the conflicts remaining in the medical record between the

7

opinions of the medical consultants and other physicians, which were improperly resolved but

8

remain in conflict, as well as the ambiguity regarding Ms. Russell's opinion in light of the

9

duration requirements. Accordingly, this case is remanded for further consideration.

10

<u>CONCLUSION</u>

11

     The ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's

12

decision to deny benefits is REVERSED and this matter is REMANDED for further

13

administrative proceedings in accordance with this opinion.

14

     DATED this 18th day of December, 2015.

15

16

17

18

19

20

                       Ronald B. Leighton
                       United States District Judge

21

22

23

24

25

26

ORDER - 12